# IN THE COURT OF APPEALS OF IOWA

No. 18-0244
Filed January 9, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JERREL E. WILLIAMS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Joel W. Barrows, Judge.

Jerrel Williams appeals his conviction for possession with intent to deliver crack cocaine. **AFFIRMED.**

Stuart G. Hoover of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., Doyle, J., and Mahan, S.J.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**DOYLE, Judge.**

Jerrel Williams appeals his conviction for possession with intent to deliver crack cocaine. He challenges the sufficiency of the evidence to support his conviction. We review his claim for correction of errors at law and uphold the verdict if it is supported by substantial evidence. *See State v. Wickes*, 910 N.W.2d 554, 563 (Iowa 2018). Evidence is substantial if it can convince a rational jury that the defendant is guilty beyond a reasonable doubt. *See id.* In making this determination, we view the evidence in the light most favorable to the State. *See id.*

In order to convict Williams, the State had to show he "exercised dominion and control over the contraband, had knowledge of the contraband's presence, and had knowledge the material was a narcotic." *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014) (citation omitted). A defendant is in actual possession of contraband if there is sufficient evidence that the contraband was on the defendant's person at one time. *See id.* The State can prove actual possession by introducing direct evidence that the contraband was found on the defendant's person or when substantial circumstantial evidence supports a finding that it was on the defendant's person at one time. *See id.*

Officer John Howell testified that he received information concerning the sale of crack at an apartment on Warren Street in Davenport. The officer was speaking to the apartment's resident through the apartment's open door when he saw Williams, who matched the description of the man selling crack, "make a furtive movement towards the floor area right next to where he was seated." After the resident gave the officer permission to enter the apartment, Officer Howell

looked at the floor in the area that Williams had made the furtive movement and saw seven small plastic bags containing a white rock-like substance that testing later confirmed to be crack cocaine.

Williams contends there is insufficient evidence that he was in actual possession of the crack cocaine because Officer Howell testified both that he did not see the contraband in Williams's physical possession and that he saw Williams throw the contraband. Officer Howell testified as follows:

> Q. And do you have any doubt in your mind that those items that were taken into evidence were in possession of the defendant? A. No.
> Q. Did you physically see the defendant holding those items? A. I did not.
> Q. Did you see the defendant throw those items? A. I did.
> Q. And you later located those items nearby the defendant, is that correct? A. Correct, immediately to the right of where he was seated, on the floor.
> Q. Okay. Any sort of doubt that those items were placed there by the defendant when he saw you? A. No. If somebody places an item down, you know, it's going to be all in one spot. If somebody throws an item down, it's going to be scattered like in that area, and that was how I located the items.

Although the crack cocaine was not found in Williams's possession, substantial evidence supports a finding that it was in Williams's possession at the time the officer arrived at the apartment. Because the evidence is sufficient to support a finding that Williams was in possession of crack cocaine, we affirm his conviction.

**AFFIRMED.**